# EXHIBIT A

Filing # 148537414 E-Filed 04/27/2022 11:34:33 PM

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

**ANDREW BUGAJSKI,**

    Plaintiff,

v.                                                                                                Case No.:

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES,**

    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ANDREW BUGAJSKI, by and through his undersigned attorney, hereby sues Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, and states the following:

### PRELIMINARY STATEMENT

1. This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of Title VII of the Civil Rights Act of 1964 (Title VII) as well as the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Florida Statutes, discrimination and a hostile work environment relating to race and gender.

2. Specifically, Defendant violated Title VII by subjecting Plaintiff to severe and pervasive harassment because of Plaintiff's race and gender.

3. Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

### PARTIES

4. Plaintiff Dr. Andrew Bugajski is a former employee of Defendant. Defendant employed Plaintiff as an Assistant Professor in the College of Nursing from July 16, 2018 to May 14, 2021. Plaintiff

is a resident of Hillsborough County, Florida. At all relevant times hereto, Plaintiff met the definition of an "employee" under all applicable statutes.

5. Defendant is a four (4) year public not for profit university existing under the laws of the State of Florida and having a principal place of business (headquarters) in Tampa, Florida.

6. Defendant had 20 or more employees during the relevant time period.

7. At all relevant times hereto, Defendant met the definition of "employer" under all applicable statutes.

## JURISDICTION AND VENUE

8. This is a cause of action for damages in excess of Thirty Thousand ($30,000.00) dollars, exclusive of costs, interest, and attorney's fees.

9. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

10. At all times material hereto, Defendant employed Plaintiff in Hillsborough County, Florida.

11. Venue lies with this Court as to Plaintiff's claims as the events giving rise to the claims occurred in Hillsborough County, Florida.

## CONDITIONS PRECEDENT

12. Plaintiff has exhausted his administrative remedies and satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## FACTUAL ALLEGATIONS

13. Plaintiff, Dr. Andrew Bugajski, worked for the University of South Florida ("USF") as a tenure-track Assistant Professor since July 2018.

14. Plaintiff succeeded in his position and was at all times relevant hereto qualified for the position of Assistant Professor and performed all of his duties in a more than satisfactory manner.

15. Plaintiff is Caucasian and male.

16. At all times relevant hereto, Plaintiff was the *only* male nurse tenure-line research faculty member for the College of Nursing.

17. Over the course of his employment, Plaintiff was regularly recognized both publicly and privately by Defendant for his noteworthy achievements. On numerous occasions in department meetings and one-on-one meetings Plaintiff was told that he was on track or ahead according to all of the metrics used to evaluate Assistant Professors for the College of Nursing.

18. Over the course of his employment, Plaintiff received yearly evaluations which clearly showed that he exceeded every quota or requirement imposed by Defendant.

19. Shortly after being hired, Plaintiff immediately recognized his supervisor Vice Dean Usha Menon exhibiting hostility towards Caucasian men.

20. Indeed, Plaintiff witnessed this disconcerting behavior which also occurred in front of other employees on multiple occasions. Specifically, Vice Dean Menon told Plaintiff and others that USF's upper administrators were "a bunch of fucking white male conservatives."

21. Plaintiff was shocked and confused by these statements. Shortly thereafter, however, Plaintiff learned the truth: Vice Dean Menon openly held a deeply rooted disdain for Caucasian men.

22. During his time working for Defendant, Plaintiff witnessed first-hand numerous incidents of unlawful discrimination and harassment perpetrated by Vice Dean Menon.

23. On other occasions, Vice Dean Menon made comments to Plaintiff such as: "You're a man; you don't understand," and "No offense, you're a white man and you don't get to weigh in on this," and "You're a man, you wouldn't understand."

24. On other occasions, Vice Dean Menon would use denigrating language to speak about the Director of Business and Administrative Services, who was also a Caucasian male. Specifically, Vice Dean Menon told Plaintiff and other colleagues that the Director was "creepy," and "stupid," and

3

"incompetent." Vice Dean Menon also talked openly about how she planned to make the Director quit or would fire him.

25. Additionally, Plaintiff was treated differently than his female colleagues. When Plaintiff informed Defendant that he and his wife were expecting a child, Vice Dean Menon repeatedly harassed Plaintiff and questioned his ability to handle his work responsibilities as a new father. Vice Dean Menon also made threats to take away his contractually protected research time.

26. Because of the incessant harassment and discrimination Plaintiff was subjected to, Plaintiff's working conditions became so intolerable that Plaintiff involuntarily resigned from his position as Assistant Professor in May 2021.

## COUNT I

### Title VII Harassment

27. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

28. Plaintiff is a member of a protected class.

29. Based on the described conduct above, Plaintiff was subjected to a hostile work environment relating to his race and his gender.

30. The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's race and his gender.

31. The conduct was so severe and/or pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

32. Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst his co-workers was adversely impacted due to the pervasive and/or severe conduct by Defendant and its agents.

33. Defendant knew or should have known of the hostile work environment.

34. The above-described hostile workplace environment was created by Defendant with a reckless disregard for Plaintiff's rights under state and federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

## COUNT TWO

### Title VII Discrimination

35. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

36. At all relevant times hereto, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

37. As outlined above, Defendant violated Title VII when it discriminated against Plaintiff because of his race and gender.

38. As outlined above, background circumstances exist supporting an inference that the Defendant is one of the unusual employers that discriminates against the majority.

39. Plaintiff at all times relevant hereto performed his job satisfactorily.

40. Defendant discriminated against Plaintiff to the point that his working conditions became so intolerable that a reasonable person in the Plaintiff's position would have felt compelled to resign.

41. Plaintiff involuntarily resigned from his position with Defendant due to the intolerable working conditions.

42. Similarly situated employees received more favorable treatment than Plaintiff.

43. As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well severe mental

anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

44. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights.

## COUNT THREE

### Harassment – Chapter 760, Florida Statutes

45. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

46. At all relevant times hereto, Plaintiff was an "employee" within the meaning of the FCRA, and Defendant was an "employer" within the meaning of the FCRA.

47. As outlined above, Defendant violated the FCRA when it subjected Plaintiff to a hostile work environment because of Plaintiff's race and gender.

48. Defendant is liable for the harassment that Plaintiff was subjected to during the course of Plaintiff's employment with Defendant.

49. As a direct and proximate result of Defendant's harassing conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

50. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's rights.

## COUNT FOUR

### Discrimination – Chapter 760, Florida Statutes

51. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

52. At all relevant times hereto, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of the FCRA.

53. The FCRA, Fla. Stat. § 760.10,(1)(a), states, in applicable part, as follows: "(1) It is unlawful employment practice for an employer, (a) [t]o discharge or to fail or refuse to hire any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

54. As outlined above, Defendant violated the FCRA when it discriminated against Plaintiff by subjecting Plaintiff to intolerable working conditions because of his race and gender and forced him to resign.

55. As a direct and proximate result of Defendant's discriminatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(b)  enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant's violations of law enumerated herein;

(c)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(d)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest, and costs; and

(e)  Compensatory Damages for pain, suffering, mental anguish, loss of enjoyment of life as well as liquidated damages; and

(f)  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment; and

(g)  Compensation for lost wages, benefits, and other remuneration; and

(h)  Interest on any and all prejudgment costs; and

(i)  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest; and

(j)  Grant such other further relief as being just and proper under the circumstances.[1]

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable as of right by jury.

**DATED this 27th day of April, 2022.**

                          Respectfully submitted,

---

[1] Plaintiff reserves the right to later amend his complaint to include a claim for punitive damages.

**SQUIRES & RYAN, PLLC**
100 South Ashley Drive
Suite 600
Tampa, Florida 33602
Telephone: 813.922.2803

By:*/s/ Christiane L. Nolton*
Christiane L. Nolton, Esq.
Fla. Bar No. 1029126
Email: christiane@squiresryan.com
***Attorney for Plaintiff***